IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| AIMEE STINER, | Case No. 20-cv-00122-DKW-KJM |
| Plaintiff, | **ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL[1]** |
| v. | |
| BANK OF AMERICA, | |
| Defendant. | |

On March 18, 2020, Plaintiff Aimee Stiner, proceeding pro se, filed a

Complaint against Bank of America, alleging employment discrimination under

Title VII of the Civil Rights Act of 1964.   Dkt. No. 1.   Stiner has also filed an

application to proceed *in forma pauperis* ("IFP Application")[2]  and a motion for

appointment of counsel.   Dkt. Nos. 2-3.

**The IFP Application**

"[A] plaintiff seeking IFP status must allege poverty with some particularity,

definiteness and certainty."   *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

2015).   While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

In the IFP Application, Stiner states that she is unemployed and has no gross pay or wages.   Stiner also states that, in the past 12 months, she has received no other income other than gifts or inheritances.   She does not state, however, the amount of income she has received from gifts or inheritances, even though the IFP Application specifically asks for that information.   *See* Dkt. No. 2 at 1.   As a result, the IFP Application is incomplete and it is, thus, not possible for the Court to assess whether Stiner is unable to pay the filing fee for this case.   The IFP Application is, therefore, DENIED without prejudice.

Should Stiner decide to continue with this action without paying the filing fee, she must file a new application to proceed *in forma pauperis*, a blank copy of which the Court will mail to her.   In completing a new application, Stiner must answer <u>all</u> questions on the form, including the question concerning the amount of gifts or inheritances she has received in the last 12 months.   The failure to file a complete application to proceed *in forma pauperis* or pay the civil filing fee will

result in the dismissal of this action without further consideration of the merits of any amended complaint that may be filed.

## The Complaint[3]

The Complaint is notable for the lack of factual information provided therein.   More specifically, the Complaint states that Stiner was terminated and harassed.   The Complaint also states Stiner was not treated the same as others in her position, and she was harassed inside and outside of the workplace "in several ways."   Finally, the Complaint states that Stiner filed charges with the Equal Employment Opportunity Commission (EEOC) in November 2018.   That is the sum total of the allegations therein.   As such, they are entirely insufficient to state any claim.

In light of the allegations in the Complaint, it appears that Stiner may be attempting to allege claims of harassment and disparate treatment discrimination under Title VII.   As an initial matter, Title VII prohibits refusing to hire or discharging any individual on the bases of race, color, religion, sex, or national origin.   42 U.S.C. § 2000e-2(a)(1).   Title VII has also been construed as

---

[3]The Court liberally construes a pro se Complaint.   *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

3

prohibiting harassment that is so severe or pervasive that it creates a hostile work environment.  *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66-67 (1986).

To state a harassment claim under Title VII, a plaintiff must allege that (1) she was subjected to verbal or physical conduct related to a protected category, such as sex, (2) the conduct was unwelcome, and (3) "the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment."  *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).   Here, Stiner has done none of those things, including not alleging the bases for, or the nature of, the harassment.

To state a claim of disparate treatment discrimination, a plaintiff must allege that an employer has treated her "less favorably than others because of a protected trait" and the defendant "had a discriminatory intent or motive for taking a job-related action."  *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (quotations omitted).   Here, again, Stiner alleges none of those things, including not alleging the bases for the disparate treatment or even the nature of the differing treatment.

4

Accordingly, the Complaint, as written, must be dismissed.[4]   *See Iqbal*, 556 U.S. at 678; Fed.R.Civ.P. 8(a)(1).   That being said, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013).   Here, because it is possible that amendment may result in a sufficiently detailed complaint, the Court will provide Stiner an opportunity to do so.[5]

Should Stiner choose to file an amended complaint, she must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did

---

[4]For the same reason, the motion for appointment of counsel, Dkt. No. 3, is DENIED.   *See Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-417 (9th Cir. 1994) (explaining that courts consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim."); *Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *2 (D. Haw. Dec. 30, 2014) (stating that a plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor may be fatal to the request).

[5]With respect to the feasibility of amendment, the Court notes that attached to the Complaint is the Notice of Rights from the EEOC.   Dkt. No. 1-1.   Therein, it states that Stiner's charge "was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge."   *Id.*   At this juncture, the Court will not deny leave to amend because Stiner's claims may be time-barred.   *See* 42 U.S.C. § 2000e-5(e)(1) (requiring that a charge be filed with the EEOC within 300 days of the alleged employment practice). However, given the statement in the Notice of Rights, this matter may be an issue going forward.

or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Stiner's right(s); and (6) what specific injury she suffered because of that defendant's conduct.   To assist Stiner in this endeavor, the Court will mail her a blank copy of an Employment Discrimination Complaint form.

Stiner may have until to **May 22, 2020** to file an amended complaint.   **The Court cautions Stiner that failure to file an amended complaint by May 22, 2020 may result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Stiner (1) a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240), and (2) a blank Complaint for Employment Discrimination (Pro Se 7).

IT IS SO ORDERED.

Dated: April 23, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Aimee Stiner v. Bank of America;* Civil No. 20-00122 DKW-KJM; **ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**