IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| AIMEE STINER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA,<br><br>Defendant. | Case No. 20-cv-00122-DKW-KJM<br><br>**ORDER DENYING AS CONSTRUED MOTION FOR CLARIFICATION**[1] |

This matter comes before the Court with the receipt of Plaintiff Aimee Stiner's pro se letter, dated May 14, 2020, in which Plaintiff appears to state her lack of understanding of the Court's April 23, 2020 Order and directs various questions to the Court.[2]  Dkt. No. 7.   Given Plaintiff's pro se status, the Court liberally construes the letter as a motion for clarification of the April 23, 2020 Order.   As such, the motion is DENIED.   Put simply, there is nothing unclear or contradictory in the April 23, 2020 Order.   Instead, therein, the Court clearly sets forth relevant requirements for Plaintiff to file both a compliant application to

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

[2] The April 23, 2020 Order (1) denied without prejudice Plaintiff's application to proceed without prepayment of fees or costs, (2) dismissed Plaintiff's complaint with leave to amend, and (3) denied Plaintiff's motion for appointment of counsel.   Dkt. No. 5.

proceed without prepayment of fees or costs and a complaint that satisfies applicable legal principles. The Court will not, therefore, repeat those instructions herein or state them differently. Plaintiff is, instead, instructed to read the instructions and guidance in the April 23, 2020 Order carefully.

As for the questions Plaintiff poses in her letter, the Court will attempt to answer them in order to further explain to Plaintiff what will (and will not) be permitted in any amended complaint she may file. First, although not framed as a question, Plaintiff asserts that she has no money and cannot afford the filing fee for this case. That may be true, however, as explained in the April 23, 2020 Order, before the Court can authorize non-payment of the filing fee, Plaintiff **must** fully complete an application to proceed without prepayment of fees or costs, such as the application that was mailed to her following entry of the April 23, 2020 Order. In other words, Plaintiff must answer each and every question on the application. Should Plaintiff fail to do so, this action cannot proceed.

Second, Plaintiff appears to state that a form was sent to her allowing for more than one defendant to be listed on the form. She then asks whether she should add other parties to this case. The Court assumes that the "form" Plaintiff references is the Complaint for Employment Discrimination that was sent to her following entry of the April 23, 2020 Order. Construed as such, Plaintiff should

only include as defendants in this case those individuals or entities that are connected to the events she alleges occurred in her complaint – specifically, the alleged harassment by Defendant Bank of America.  If more than one person or entity is connected, then Plaintiff may list more than one defendant.  Equally, if only one person or entity is connected, Plaintiff should only list one defendant.

Third, Plaintiff states that unidentified prior employers were "involved" in "abuse" and she asks whether those prior employers should be included in this case.  The answer is **no**.  As alleged in the complaint, Plaintiff brought a claim or claims related to alleged harassment committed by Bank of America, who Plaintiff appears to allege was her employer.[3]  That claim (or claims) was all the April 23, 2020 Order allowed Plaintiff to amend.  In other words, Plaintiff may not use this case to bring claims against numerous former employers for numerous alleged acts they committed.  All Plaintiff may do in this case is bring a claim (or claims) of employment discrimination that were allegedly committed while she was employed by Bank of America.

Fourth, although not framed as a question, Plaintiff states that her "intellectual property was taken since birth[,]" which she contends violates various

---

[3]More specifically, in the complaint, Plaintiff checked a box indicating that her employment was terminated.  *See* Dkt. No. 1 at 2.

laws.  To the extent Plaintiff is asking whether allegations related to the theft of her intellectual property may be included in any amended complaint she may file, the answer is again **no** for the same reasons set forth above.

Fifth, Plaintiff appears to ask whether she should include claims concerning "housing, family, education, health and safety abuse?"  The answer is again **no** for the same reasons stated above: simply, this case is an employment discrimination case, not an avenue for Plaintiff to bring claims related to what she describes as years of "unhappiness."

Finally, the Court notes that, in the April 23, 2020 Order, Plaintiff was allowed until May 22, 2020 to file an amended complaint.  Given that Plaintiff is proceeding pro se, and in light of the letter, the Court will extend the time for Plaintiff to file an amended complaint until June 5, 2020.

**Plaintiff is forewarned that failure to file an amended complaint by June 5, 2020 may result in the automatic dismissal of this action without prejudice.**

IT IS SO ORDERED.
Dated: May 21, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*Aimee Stiner v. Bank of America;* Civil No. 20-00122 DKW-KJM; ORDER DENYING AS CONSTRUED MOTION FOR CLARIFICATION