IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| AIMEE STINER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA,<br><br>　　　　Defendant. | Case No. 20-cv-00122-DKW-KJM<br><br>**ORDER DISMISSING CASE** |

On March 18, 2020, Plaintiff Aimee Stiner, proceeding pro se, filed a Complaint against Bank of America, alleging employment discrimination under Title VII of the Civil Rights Act of 1964. Dkt. No. 1. Stiner also filed an application to proceed *in forma pauperis* ("IFP Application") and a motion for appointment of counsel. Dkt. Nos. 2-3. In an April 23, 2020 Order, the Court denied without prejudice the IFP Application, denied the motion for appointment of counsel, and dismissed the Complaint with leave to amend. Dkt. No. 5. The April 23, 2020 Order gave Stiner until May 22, 2020 to file an amended complaint. In addition, Stiner was cautioned both that failure to file a new *in forma pauperis* application would result in dismissal of this case and that failure to file an amended complaint may result in dismissal without prejudice.

Since the April 23, 2020 Order, Stiner has mailed two letters to the Court, both of which contain various questions almost entirely unrelated to the filing of a new *in forma pauperis* application or an amended complaint. *See* Dkt. Nos. 7, 9. Nonetheless, in both instances, the Court has addressed the letters, *see* Dkt. Nos. 8, 10, and, following the first letter, the Court extended the time for Stiner to file an amended complaint until June 5, 2020. As of the date of this Order, however, Stiner has yet to file either a new *in forma pauperis* application or an amended complaint. As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)   Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Stiner's failure to comply with the April 23, 2020 Order or the extended deadline of June 5, 2020 hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Stiner's failure to comply with the April 23, 2020 Order or the extended deadline of June 5, 2020 hinders this Court's ability to manage its docket. Simply put, this Court cannot manage its docket if litigants, like Stiner, fail to timely follow clear instructions, such as the need to file an amended complaint or a new *in forma pauperis* application. As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Here, Stiner has offered no discernible excuse or explanation for her failure to comply with the April 23, 2020 Order. As for the two letters mailed to the Court, both have been addressed and neither provides a basis for failing to comply with the Court's clear instructions. When a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing

party is sufficient to favor dismissal.  *See Yourish*, 191 F.3d at 991–92.  As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case.  Specifically, Stiner was provided with an opportunity to file a new *in forma pauperis* application and amend her Complaint, provided guidance on how to do both, and warned that failure to do both within the time allowed may result in dismissal of this action.   Stiner, though, has not availed herself of this opportunity.  Thus, the only alternative would be to allow a case to proceed without payment of the filing fee or an approved *in forma pauperis* application and with bare assertions that do not come close to stating a plausible claim.   The Court declines to do that.  As a result, this factor favors dismissal.  *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered when the district court tried alternatives and warned the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.   The Court notes, though, that dismissal here is without prejudice.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the April 23,

2020 Order. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 10, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Stiner v. Bank of America*; Case No. 20-cv-00122-DKW-KJM; **ORDER DISMISSING CASE**